# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JERRY F. STRAHAN, #07008-025**

    **Petitioner/Defendant,**

**vs.**

**UNITED STATES of AMERICA ,**

    **Respondent/Plaintiff.**

**CIVIL NO. 10-cv-950-DRH**

**CRIMINAL NO. 05-30027-DRH-004**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). On November 13, 2006, petitioner was found guilty of conspiracy to distribute narcotics, and distribution of narcotics in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B). On February 23, 2007, petitioner was sentenced to life imprisonment and an additional 360 months imprisonment to run concurrently. Petitioner's conviction and sentence were affirmed on direct appeal on May 15, 2009. *United States of America v. Strahan*, 565 F.3d 1047 (7th Cir. 2009). Petitioner's application for a writ of certiorari to the Supreme Court of the United States was denied November 16, 2009. *Strahan v. United States of America*, 130 S. Ct. 655 (2009).

    In his § 2255 motion, petitioner raises four grounds for relief, all of which center around a claim for ineffective assistance of counsel: (1) Counsel did not challenge the applicability of prior convictions to the case at bar; (2) Counsel took advantage of petitioner's diminished capacity by insisting that Petitioner take the

witness stand without advising of the risks; (3) Counsel failed to tell the jury about petitioner's public authority defense and instead stated that petitioner was a heroin addict and a human drug tester; and (4) Counsel failed to investigate or interview witnesses.

Although petitioner did not raise these grounds during his appeal, he may proceed on his §2255 petition if he can show either "cause for the default **and** actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (emphasis added); *see also Edwards v. Carpenter,* 529 U.S. 446, 455 (2000).

In *Murray v. Carrier*, the Supreme Court held that ineffective assistance of counsel may constitute cause. However, "[s]o long as a defendant is represented by counsel whose performance is not **constitutionally** ineffective under the standard established in *Strickland v. Washington*, [466 U.S. 668 (1984),] [there is] no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Murray*, 477 U.S. at 488 (emphasis added).

In order to show ineffective assistance of counsel under *Strickland*, a petitioner must satisfy yet another two pronged test by showing: (1) "counsel's representations fell below an objective standard of reasonableness" (the performance prong); and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (the prejudice prong). *Strickland*, 466 U.S. at 688, 694.

In *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994), the Seventh Circuit held that a § 2255 movant need not demonstrate prejudice when raising an allegation of ineffective assistance of counsel where petitioner's lawyer failed to file a requested direct appeal. *Id*. at 719.

In his motion, petitioner alleges that his counsel's performance was below a reasonable standard, and that this caused him to be found guilty. In essence, petitioner is arguing that but for the grounds raised in his motion, he would have had sufficient counsel, and would likely have been found not guilty.

The Court **ORDERS** the Government to file a response to petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED**.

**DATED: March 28, 2011**

Digitally signed by David R. Herndon
Date: 2011.03.28 15:24:41 -05'00'

**Chief Judge
United States District Court**