IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JERRY F. STRAHAN**,

**Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent.**                                             **No. 10-0950-DRH**

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court is Strahan's 28 U.S.C. § 2255 petition to vacate, set aside or correct sentence (Doc. 1). The government opposes the petition (Doc. 8). Strahan filed a reply (Doc. 12). Based on the record and the applicable law, the Court **DENIES** the petition.

On March 15, 2005, the grand jury charged John McCray, Jr., John McCray, Sr., Mitchell Brown, Eugene Falls and Strahan for conspiracy to distribute crack cocaine and heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. *United States v. Strahan*, 05-30027-DRH. The grand jury also charged Strahan with distributing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On October 5, 2005, the Court appointed attorney Steven Stenger to represent Strahan. *Id*. at Doc. 90.

On May 3, 2006, the government filed a notice of intent to seek increased

punishment because Strahan had two prior state convictions for delivery of controlled substances. *Id.* at Doc. 140.[1] On May 22, 2006, Strahan filed an objection and response to the government's intent to seek increased punishment. *Id.* at Doc. 154. All of the co-defendants, except for Strahan, pleaded guilty and agreed to testify against Strahan.

Prior to the commencement of trial, Strahan filed a notice to assert defense of public authority. *Id.* at Doc. 183. The government filed its opposition to this defense on October 3, 2006, *id.* at Doc. 184, and Strahan filed a reply on October 4, 2006. *Id.* at Doc. 185. On November 6, 2006, the case proceeded to trial. At the close of evidence, Strahan asked the Court to issue a public-authority instruction to the jury, arguing that he believed that he was authorized by Deputy United States Marshal Tom Woods to sell narcotics. The Court refused to instruct the jury noting Strahan's own testimony denying any involvement in drug dealing and the lack of evidence that Woods ever led Strahan to believe he could distribute drugs as part of his role gathering information on the whereabouts of fugitives. On November 13, 2006, the jury returned guilty verdicts on the charges against Strahan. *Id.* at Docs. 214, 215 and 216. On February 23, 2007, the Court sentenced Strahan to life on the

---

[1] The two prior convictions contained in the notice are: (1) on March 31, 1997, Strahan was convicted of the offense of Solicitation of an Unlawful Delivery of a Controlled Substance in the Circuit Court of St. Clair County, Illinois, 96-CF-1352 and (2) on September 30, 2002, defendant was convicted on two counts of the offense of Unlawful Delivery of a Controlled Substance in the Circuit Court of St. Clair County, Illinois, 99-CF-97.

conspiracy count and 360 months on the crack distribution to run concurrently.[2] *Id*. at Docs. 229 & 230. Thereafter, Strahan appealed both his convictions and sentences to the Seventh Circuit Court of Appeals. *Id.* at Doc. 238. On August 5, 2009, the Seventh Circuit issued its Mandate affirming Strahan's convictions and sentences. *Id*. at Doc. 299; *United States v. Strahan*, 565 F.3d 1047 (7th Cir. 2009). Thereafter, the Supreme Court denied certiorari on November 16, 2009. *Strahan v. United States*, 130 S.Ct. 655 (2009).

On November 22, 2010, Strahan filed his petition. In his petition, Strahan raises four grounds of ineffective assistance of counsel: (1) trial counsel's performance was constitutionally defective because he did not challenge the applicability of Strahan's prior conviction for Solicitation of Unlawful Delivery of a Controlled Substance, in violation of 720 ILCS 5/8-1(a), which he claims does not constitute a felony drug offense as defined under 21 U.S.C. § 802(44); (2) that counsel insisted that petitioner take the witness stand and deny that he had anything to do with the conspiracy; (3) that trial counsel, in opening statement, failed to tell jury about the public-authority defense and instead told the jury that Strahan was a heroin addict and (4) that trial counsel failed to interview witnesses and investigate facts of the case, only spent 1 ½ hours discussing the case with Strahan and denied Strahan an independent investigator. The government concedes that Strahan's petition is timely under the prisoner mailbox rule. As the petition is ripe, the Court

---

[2]Because of Strahan's two previous convictions for state drug felonies, the statutory minimum for the conspiracy count was life in prison. 21 U.S.C. § 841(b).

turns to address the merits.

## II. Legal Standard

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. More precisely, "[r]elief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). As a result, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Of course, a § 2255 motion does not substitute for a direct appeal. A defendant cannot raise constitutional issues that he could have but did not directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt*, 83 F.3d at 816. Meanwhile, a § 2255 motion cannot pursue non-constitutional issues that were unraised on direct appeal regardless of cause and prejudice. *Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000). The only way such issues could be heard in the § 2255 context is if the alleged error of law

represents "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro v. United States,* 538 U.S. 500, 504-05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *Fountain,* 211 F.3d at 433-34. Further, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from that performance. *Massaro,* 538 U.S. at 504-05. For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

An evidentiary hearing on a § 2255 habeas petition is required when the motion is accompanied by "a detailed and specific affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions." *Barry v. United States,* 528 F.2d 1094, 1101 (7th Cir. 1976) (footnote omitted); *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002). "Mere unsupported allegations cannot sustain a petitioner's request for a hearing." *Aleman v. United States,* 878 F.2d 1009, 1012 (7th Cir. 1989). As will be seen, Strahan's

allegations are unsupported by the record; subsequently, the Court sees no reason to hold an evidentiary hearing on the issues he raises.

### III. Analysis

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 688-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Fountain v. United States,* 211 F.3d 429, 434 (7th Cir. 2000). Either *Strickland* prong may be analyzed first; if that prong is not met, it will prove fatal to plaintiff's claim. *Strickland,* 466 U.S. at 697; *Ebbole v. United States,* 8 F.3d 530, 533 (7th Cir. 1993).

Regarding the first prong of the *Strickland* test, counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland,* 466 U.S. at 689. The petitioner's burden is heavy because the *Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th

Cir. 2000) (quotations omitted). In other words, the Court must not become a "Monday morning quarterback." *Harris v. Reed,* 894 F.2d 871, 877 (7th Cir. 1990). With regards to the second prong of *Strickland,* the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams,* 453 F.3d at 435 (citing *Strickland,* 466 U.S. at 694).

In the instant case, the Court cannot say that Mr. Stenger's performance significantly prejudiced Strahan or that Mr. Stenger's representation fell below an objective standard of reasonableness.

In ground one, Strahan makes the following argument: "To apply the enhancement under §841(b)(1)(A), the government has the burden of proving beyond a reasonable doubt that petitioners [sic] prior conviction was truly a prior conviction for a felony drug offense.  I now contend that I was deprived of the effective assistance of counsel.  Counsel's performance was constitutionally defective because he did not challenge the applicability of my prior conviction.  Please see: Supporting facts page 6 a and exhibits 1, and 2."

First, Strahan raised similar arguments on appeal and the Seventh Circuit rejected the same. *United States v. Strahan*, 565 F.3d at 1053 ("In contrast, the mandatory life sentence applies when a defendant convicted under § 841(a) has two or more prior 'felony drug offense[s].' 21 U.S.C. § 841(a)(1)(A).  There is no dispute

that the two state narcotics convictions identified in the government's § 851 notice met this standard."). Thus, Strahan cannot re-raise this argument now as an ineffective assistance of counsel claim. The Seventh Circuit has explained, "the 'law of the case' doctrine dictates that 'once this court has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a [court] asked to decide the same issue in a later phase of the same case, unless there is some good reason for reexamining it.'" *Fuller v. United States,* 398 F.3d 644, 648 (7th Cir. 2005)(quoting *United States v. Mazak,* 789 F.2d 580, 581 (7th Cir. 1986)); *Varela v. United States*, 481 F.3d 932 , 935-36 (7th Cir. 2007)("Issues that were raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances."). Petitioner has not offered changed circumstances which warrant re-litigation of his instant contention.

Assuming *arguendo* that Strahan may raise this issue before the Court as an ineffective assistance of counsel claim, the Court finds that it lacks merit and that Strahan has not proven that Stenger was ineffective. A review of the record, demonstrates that Strahan has not and cannot establish either prong under *Strickland* as to this claim.

First, on May 22, 2006, Mr. Stenger did file objections to notice of the government's intent to seek increased punishment. *United States v. Strahan*, 05-30027-DRH; Doc. 154. In this objection, Mr. Stenger objected to the use of Strahan's prior state court conviction, case number 96-CF-1352, the same conviction that Strahan is complaining. Mr. Stenger argued that the use of this conviction as a prior

conviction was improper because it is a result of prosecution by criminal information and not formal indictment. Albeit this objection was not the same that Strahan claims should have been filed. Mr. Stenger cannot be faulted for not doing something that he clearly did. Furthermore, advancing Strahan's argument would have been frivolous. Counsel has no duty to make a frivolous argument. Furthermore, the record reflects that Stenger did challenge this conviction at sentencing as a predicate because he claimed it was part of the federally-charged conspiracy which the Court overruled.

"Effective advocacy does not require the appellant attorney to raise every non-frivolous issue under the sun..." *Mason v. Hanks*, 97 F.3d 887, 893 (7th Cir. 1996). "When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons, rather than sheer neglect." *Yarborough v. Gentry*, 540 U.S. 1, 8, (2003). Strahan cannot show prejudice because the claim lacks merit. Furthermore, it is not professionally unreasonable for an attorney vested with the discretion to decide whether or not to decline to prosecute a meritless claim. Thus, an attorney's decision not to pursue a frivolous claim does not amount to ineffective assistance *per se.*

Strahan also argues that: "With no strategic advantage and no preparation counsel was inffective [sic] by taking advantage of petitioners [sic] diminished capacity (petitioner was under the influence of tow narcotic prescription medications), and insisting that petitioner take witness stand and deny that I had anything to do with the conspiracy. Petitioner had supplied counsel with a seven

page narrative detailing all his interactions with the U.S. Marshals office as well as the charged conspiracy. He also failed to advise of the risks of taking the stand [sic]" The Court rejects this argument.

First, the record clearly demonstrates that Mr. Stenger did advise Strahan about the ramifications of taking the stand as the following conversation took place on the record during the trial outside the presence of the jury:

> Mr. Stenger: And Your Honor, it should also be noted for the record and in the presence of Mr. Strahan that one of those convictions actually involved some of the co-defendants in this case. And he's taking the stand today and has chosen to take the stand, has been advised of the pro's and con's of taking the stand. He's been advised that when he takes the stand – up to this point we haven't delved much into his criminal record, but once he takes the stand, those are likely to come in, and he's aware of that as he takes the stand today.
> The Court: Okay.

*United States v. Strahan*; Transcripts of Trial Day #4, p. 155.

As to Strahan's assertion that Mr. Stenger was aware of his diminished capacity and took advantage of this, the record is devoid of any evidence demonstrating that Strahan suffered from diminished capacity. In his reply, Strahan contends that Mr. Stenger was aware of some of his medical conditions and in fact filed a motion to have some of those conditions treated. While it is true that Mr. Stenger did file a motion for medical treatment in the criminal case, the medical issue did not have to do with diminished capacity. Instead the medical issue pertained to a hydrocele which caused "[d]efendant extreme pain and discomfort in his genital region. Specifically, this condition causes and has caused pain and

swelling in his testicles." *United States v. Strahan*, 05-30027-DRH; Doc. 109.[3] Further, the record is devoid of any evidence that Mr. Stenger was aware that Strahan was suffered from diminished capacity. As stated by the Court several times in the criminal matter, the Court finds Mr. Stenger credible and Strahan not credible on this issue. *See Id*; Doc. 310 ("The Court recalls making findings regarding the credibility of Mr. Strahan on issues of credibility and has no difficulty finding Mr. Stenger credible and Mr. Strahan not credible on the issues addressed herein.").

Next, Strahan argues that "Counsel was inffective [sic] in opening statement for failing to tell jury about my public authority defense and instead told the jury that petitioner was a heroin addict and a human tester for drugs. This prejudice was impossible to overcome [sic]" The Court finds this argument fails.

As noted by the Seventh Circuit, the public authority defense lacked merit and the Court was right in declining to give the instruction finding that the public-authority defense was not supported by the evidence. *United States v. Strahan*, 565 at 1050 ("Here, the district court's refusal to instruct the jury on the public-authority defense was manifestly correct. ... Strahan's own testimony eliminated any possibility of a public-authority defense."). Moreover, even if this Court found that Mr. Stenger's conduct was unreasonable, Strahan was not prejudiced by Mr. Stenger's opening statement, as there was overwhelming evidence that confirmed the acknowledgments made by Mr. Stenger about Strahan's drug addiction and drug use.

---

[3]A hydrocele is a fluid-filled sack in the scrotum.

Lastly, Strahan argues that "Counsel was ineffective for failing to investigate or interview witnesses, facts, including the petitioner. [C]ounsel spent a total of 1 ½ hrs discussing my case and denying me independent investigator: To support my public authority defense, or to call witnesses to prove my allegations infact [sic] he told me he had dismissed all of my witnesses and it was up to me to deny ever [sic] thing that was charged against me." Yet, Strahan fails to identify what further investigation into facts, witnesses or issues would have produced.

The Sixth Amendment guarantees a defendant the right to call witnesses in his favor. *Indiana v. Edwards,* 554 U.S. 164, 188, 128 S.Ct. 2379, 171 L.Ed.2d 345 (2008). This right belongs to the defendant, individually, and not his trial counsel. *Id.* Yet, a defendant's counsel is allowed "full authority to manage the conduct of the trial," an authority without which "[t]he adversary process could not function effectively if every tactical decision required client approval." *Taylor v. Illinois,* 484 U.S. 400, 418, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988). In short, if a defendant has "consented to the representation of counsel," then, with the exception of cases where counsel is rendered ineffective, a defendant "must accept the consequences of the lawyer's decision to forgo cross-examination, to decide not to put certain witnesses on the stand, or to decide not to disclose the identity of certain witnesses in advance of trial." *Id.* Trial counsel's decision not to call a witness can be part of an effective trial strategy, especially "if it is based on the attorney's determination that the testimony the witnesses would give might on balance harm rather than help the defendant." *Foster v. Schomig,* 223 F.3d 626, 631 (7th Cir.2000) (internal

quotations omitted). As for pretrial investigation, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland,* 466 U.S. at 691. In any ineffectiveness case, "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.*

As noted by the Seventh Circuit, "when a petitioner alleges counsel's failure to investigate resulted in ineffective assistance, that petitioner has the burden of providing the Court with specific information as to what the investigation would have produced." *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003). Indeed, a petitioner must present "a comprehensive showing as to what the investigation would have produced." *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1133 (7th Cir. 1990). Defense counsel need not "track down every lead or must personally investigate every evidentiary possibility before choosing a defense and developing it." *Sullivan v. Fairman,* 819 F.2d 1382, 1392 (7th Cir. 1987). Furthermore, acts or omissions of an attorney that may be classified as trial tactics cannot be considered by a court in evaluating an ineffective assistance of counsel claim. *See United States v. Williams,* 106 F.3d 1362, 1367 (7th Cir. 1997).

Here, Strahan fails to identify any exonerating facts or witnesses, let alone make a "comprehensive showing." Additionally, even if counsel had included additional facts and witness testimony, the case against Strahan was so strong that the Court is hard-pressed to imagine how the alleged deficiency in counsel's

performance could have prejudiced the case against Strahan. "The record is overflowing with evidence of Strahan's guilt." *Strahan*, 565 F.3d at 1051. Thus, the Court also rejects this ground.

The Court finds that Strahan's claims that his counsel was ineffective are without merit. His assertions (most of which are neither true nor supported by the record) that his counsel was ineffective are insufficient basis to grant him the relief which he seeks. The Court concludes that Mr. Stenger was not ineffective in representing Strahan in this criminal matter. In fact, the Court finds Mr. Stenger's actions were reasonable and sound in light of the facts and circumstances.

Strahan's sentence is mandatory life and it is understandable that he finds it harsh, as it is. Nevertheless, it is legal. He has not shown that his sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," 28 U.S.C. § 2255. Thus, the Court rejects Strahan's 28 U.S.C. § 2255 petition/motion. Finally, the Court notes that letting Strahan's conviction and sentence stand would not result in a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

Under the 2009 Amendments to Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant

to 28 U.S.C. § 2253(c)(2).

A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability have been granted. *See Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009). A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district denies a *habeas* petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

As to petitioner's claims, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right, or that this Court is barred from reviewing the merits of petitioner's claim. Reasonable jurists could not debate that the petition should have been resolved in a different manner, as petitioner's claims of ineffective assistance of counsel do not present evidence of constitutionally deficient attorney performance; nor do they

demonstrate resulting prejudice. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

### IV. Conclusion

Accordingly, the Court **DENIES** Strahan's motion under 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence by person in federal custody and the supplements to the petition. The Court **DISMISSES with prejudice** this cause of action. The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same. Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 31st day of October, 2012.

Digitally signed by David R. Herndon
Date: 2012.10.31 11:08:55 -05'00'

**Chief Judge
United States District Court**